UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONON JAMES ALSTON, | No. 2:14-cv-1500 KJN P |
| Petitioner, | |
| v. | ORDER |
| J. MACOMBER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Petitioner challenges his 2011 conviction for first degree residential burglary.

A. Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises four claims in his petition: (1) the trial court erred by failing to sua sponte instruct on the lesser included offenses of attempted burglary and trespass; (2) the state did not prove all of the elements of the crime beyond a reasonable doubt; (3) rebuttal evidence should have been introduced in the case-in-chief; and (4) the eyewitness knowingly committed perjury.

After reviewing the petition, the court finds that petitioner failed to exhaust state court remedies as to claims two through four. Only petitioner's first claim was presented to the California Supreme Court. Accordingly, the petition is a mixed petition containing both

exhausted and unexhausted claims.

B.  Stay and Abeyance Procedures

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under Kelly will be able to amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred. See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75, (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines, 544 U.S. at 277. Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").

3

A petitioner who proceeds under Rhines can, in many instances, avoid a statute of limitations problem with respect to his unexhausted claims. See King, 564 F.3d at 1140. However, the requirements are more stringent for the granting of a stay under Rhines, as compared to Kelly. The Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. District courts should not grant a stay under Rhines if the petitioner has engaged in abusive litigation tactics or intentional delay, or if the unexhausted claims are plainly meritless. Id. at 278. Further, under Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78).[2]

The decisions in both Kelly and Rhines "are directed at solving the same problem -- namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

### C. Conclusion

Therefore, petitioner is granted thirty days to inform the court how he intends to proceed. If petitioner opts to proceed under the Kelly procedure, he should include an amended petition raising only the exhausted claim.[3] If petitioner intends to seek a stay under Rhines, he must file a motion for stay and abeyance and must address the following: (1) must show good cause for his

---

[2] The Kelly procedure, which remains available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140.

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only his exhausted claim he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

failure to exhaust all his claims before filing this action; (2) explain and demonstrate how each unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on each unexhausted claim; and (4) explain how petitioner has diligently pursued each unexhausted claim.  Rhines, 544 U.S. at 277-78.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted; and

2. Petitioner is granted thirty days from the date of this order in which to file an amended petition under Kelly, or a motion for stay and abeyance under Rhines.  Failure to comply with this order will result in a recommendation that petitioner's unexhausted claims be dismissed without prejudice, and that this action proceed on petitioner's only exhausted claim.

Dated:  June 27, 2014

/alst1500.103fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE