UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONON JAMES ALSTON, | No. 2:14-cv-1500 JAM KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. MACOMBER, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner proceeding without counsel and in forma pauperis. By order filed June 27, 2014, petitioner was granted leave to file a motion for stay and abeyance. On July 24, 2014, petitioner filed a motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269, 276 (2005).

This action is proceeding on the original petition filed June 24, 2014. Petitioner concedes that his petition contains unexhausted claims, known as a "mixed" petition, and seeks to stay this case pending exhaustion of his state court remedies. Petitioner claims that his first ground is exhausted, but grounds two through four are not exhausted. For the following reasons, the undersigned recommends that the motion for stay be granted.

1

II. <u>Motion for Stay</u>

    A. <u>Stay and Abeyance Procedures</u>

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. The "<u>Kelly</u> procedure," outlined in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

<u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under <u>Kelly</u> will be able to amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. In this regard, the <u>Kelly</u> procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred. See <u>King</u>, 564 F.3d at 1140-41; see also <u>Duncan v. Walker</u>, 533 U.S. 167, 172-75, (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

In the second procedure, under <u>Rhines</u>, a federal petition containing both exhausted and unexhausted claims may be stayed if: (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation. <u>Id.</u>, 544 U.S. at 277-78. Under the <u>Rhines</u> procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See <u>King</u>, 564 F.3d at 1140; <u>Jackson v. Roe</u>, 425 F.3d 654, 660 (9th Cir. 2005) ("<u>Rhines</u> concluded that a district court has discretion

to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").

A petitioner who proceeds under Rhines can, in many instances, avoid a statute of limitations problem with respect to his unexhausted claims. See King, 564 F.3d at 1140. However, the requirements are more stringent for the granting of a stay under Rhines, as compared to Kelly. The Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78.[1]

The decisions in both Kelly and Rhines "are directed at solving the same problem -- namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

B.  Petitioner's Motion

As set forth above, petitioner specifically seeks to stay this case under Rhines. Petitioner concedes that claims two, three and four are not exhausted. Petitioner states that he wanted appellate counsel to raise additional issues in the petition for review, but that appellate counsel concluded there was only one legitimate ground for appeal, which is the exhausted claim in ground one. (ECF No. 7 at 2.) Petitioner alleges that he "was only recently made aware of a recourse available after the California Supreme Court disposition where he could raise additional grounds other than those raised by his attorney on direct appeal, by petitioning the court of his conviction." (ECF No. 7 at 2-3.) Petitioner acknowledges that ignorance of the law is no defense, but claims his counsel informed him that his only authority was "choosing whether or not to accept a plea bargain . . . and whether or not to testify on his own behalf." (ECF No. 7 at 3.)

Petitioner also argues that these claims have merit, and that at present he has no pending actions in state court regarding the three unexhausted claims. (ECF No. 7 at 8-9.)

---

[1] The Kelly procedure, which remains available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140.

3

Recently, the Ninth Circuit addressed the issue of good cause under <u>Rhines</u>:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In <u>Rhines</u>, the Supreme Court did not explain the standard with precision. <u>See</u> 544 U.S. at 275-78, 125 S. Ct. 1528. The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005) (citing <u>Rhines</u>, 544 U.S. at 278, 125 S. Ct. 1528).
>
> Similarly, our cases on the meaning of good cause under <u>Rhines</u> are also sparse. In <u>Jackson v. Roe</u>, 425 F.3d 654 (9th Cir.2005), we held that good cause does not require a showing of "extraordinary circumstances." <u>Id.</u> at 661-62. In <u>Wooten v. Kirkland</u>, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. <u>Id.</u> at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. <u>Id.</u>

<u>Blake v. Baker</u>, 745 F.3d 977, 981-82 (9th Cir. 2014). The Ninth Circuit concluded that the <u>Rhines</u> standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). <u>Blake</u>, 745 F.3d at 983-84.

Previously, several district courts had similarly concluded that the good cause standard is more generous than the showing needed for "cause" to excuse a procedural default. <u>See, e.g.</u>, <u>Rhines v. Weber</u>, 408 F.Supp.2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand and collecting cases). Another district court held that the <u>Rhines</u> good cause standard

> requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, by circumstances over which he had no control, such as actions by counsel, either in contravention of the petitioner's clearly expressed desire to raise the claim, or when petitioner had no knowledge of the claim's existence.

<u>Riner v. Crawford</u>, 415 F.Supp 2d 1207, 1211 (D. Nev. 2006). Subsequently, in <u>Wooten</u>, the Ninth Circuit found that the prisoner's ignorance was unjustified because his counsel had mailed

////

4

1  him a copy of his state petition, which did not include the unexhausted claim, and he did not
2  claim his counsel was ineffective for failing to include the claim. Id., 540 F.3d at 1024 n.2.

3       Here, petitioner contends that he wanted appellate counsel to raise the unexhausted claims
4  but that counsel informed him that plaintiff's decision-making was limited, and that only she
5  could decide what claims would be raised on appeal. Petitioner states that he only recently
6  discovered he could raise these unexhausted claims on his own in state court. Thus, petitioner's
7  facts are more aligned with those in Riner. His reliance upon the advice of counsel was
8  reasonable and excuses his lack of diligence or ignorance. The undersigned finds petitioner has
9  demonstrated good cause.

10       The court turns now to the merits of petitioner's claims. Petitioner was convicted of first
11  degree residential burglary on November 16, 2011. (ECF No. 1 at 1.) Petitioner seeks to exhaust
12  claims two through four: insufficient evidence to prove intent; it was error to admit the gloves on
13  rebuttal because the gloves were the only evidence used to prove intent; and the eyewitness
14  knowingly made false statements under oath.

15       The Ninth Circuit has held that a federal court may deny an unexhausted claim on the
16  merits only when it is perfectly clear that the petitioner does not raise even a colorable federal
17  claim. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). Therefore, if a petitioner states a
18  colorable claim, the claim is not plainly meritless. Here, petitioner's unexhausted claims two and
19  four appear to be at least "colorable;" thus, such claims are not plainly meritless under Rhines'
20  second prong.

21       Finally, nothing in the petitioner's filings demonstrate that petitioner has engaged in
22  intentionally dilatory tactics.

23       For all of the above reasons, the undersigned recommends that petitioner's motion for stay
24  be granted. However, petitioner must, without delay, pursue his claims through petitions for writ
25  of habeas corpus filed in state court. "[D]istrict courts should place reasonable time limits on a
26  petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. Petitioner should
27  immediately file his state court habeas petition so that the stay of this action is not unduly
28  delayed. Within thirty days from the date of any order by the California Supreme Court

addressing petitioner's unexhausted claims, petitioner shall file a motion to lift the stay of this action.

Accordingly, IT IS HEREBY ORDERED that petitioner is granted leave to proceed in forma pauperis; and

IT IS RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 7) be granted;

2. Petitioner be directed to file a motion to lift the stay of this action within thirty days from the date of any order by the California Supreme Court addressing petitioner's habeas petition; and

3. The Clerk of the Court be directed to administratively close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 11, 2014

/alst1500.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE